ALD-091                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4836
_____

IN RE:  JOSE KATZ,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civ. No. 2-14-cv-07198)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 23, 2015
Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: February 6, 2015)
_____

OPINION[*]
_____

PER CURIAM

 Jose Katz petitions for a writ of mandamus directing the District Court Judge to

accept his motion filed pursuant to 28 U.S.C. § 2255 and rescind its December 3, 2014

order.  For the reasons below, we will deny the petition.

 In April 2013, Katz pleaded guilty to one count of conspiracy to defraud health

care benefit programs and one count of presenting false, fictitious and fraudulent claims

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

to the Social Security Administration. He was sentenced to 78 months in prison. On November 13, 2014, he filed a motion pursuant to 28 U.S.C. § 2255. On December 3, 2014, the District Court entered an order instructing Katz to refile the motion on the appropriate forms, directed the clerk to send Katz the forms, and administratively terminated the case. On December 19, 2014, Katz filed the instant mandamus petition, noting that he had complied with the District Court's request and including a copy of his revised § 2255 motion. Ten days later, on December 29, 2014, Katz submitted his revised § 2255 motion on the form for such motions. On January 20, 2015, the District Court reopened the matter. The § 2255 motion is still pending in the District Court.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

In his mandamus petition, Katz requests that we direct the District Court to accept his initial § 2255 motion and rescind its December 3rd order. Because Katz filed a revised § 2255 motion on the correct forms and the matter is proceeding, we will deny the mandamus petition as unnecessary.

For the above reasons, the petition for a writ of mandamus is denied.

2